BAKER, APPELLEE, *v.* BAKER ET AL., APPELLANTS.

[Cite as Baker v. Baker, 20 Ohio App. 2d 316.]

(No. 10817—Decided July 22, 1969.)

*Mr. Marvin N. Kolstein* and *Mr. Richard H. Lippert*, for appellee.
*Mr. Peter Pandilidis*, for appellants.

SHANNON, P. J. This is an appeal on questions of law from the Court of Common Pleas of Hamilton County, wherein it was determined that a common-law marriage existed between the plaintiff, appellee herein, and James O. Baker, one of defendants, listed as an appellant herein.

The petition in the case at bar was filed September 1, 1966, and service was accomplished. James O. Baker, then a patient at the Veterans Hospital, was served personally as were the registrar and custodian at such institution.

It is undisputed that James O. Baker died October 16, 1966, and his death was set forth in a paper entitled "application for order" filed with the court on October 18, 1966. Upon consideration of such "application for order," the court directed the mortician having possession of the remains of James O. Baker to release the same to plaintiff for burial.

Defendant Ada Baker filed her answer to the petition December 19, 1966.

The matter then lay dormant until Ada Baker filed a "demurrer" to the petition January 4, 1969, setting forth as grounds therefor that a defect of parties defendant existed because of the death of James O. Baker without a revivor of the action in the name of any fiduciary.

On January 6, 1969, the cause came on for trial without intervention of a jury.

On January 23, 1969, a judgment entry was journalized which, in part, states:

"This cause came on for trial upon the 6th day of January, 1969, upon the petition of the plaintiff, the answer of the defendant, Ada Baker, no answer having been filed for James O. Baker, and the evidence, the claim against Ada Baker having previously been disposed of in her favor by an agreed entry and James O. Baker having died since the filing of the petition and no fiduciary, executor, administrator, having been appointed, the court having appointed Courtland E. Marshall to represent the interest of James O. Baker and all other parties being represented by counsel, the court finds as follows: * * *."

This not being one of the actions set forth in Section 2311.21, Revised Code, it did not abate by the death of James O. Baker. However, even though the cause of action survived, we must inquire whether the court proceeded properly after the death of the sole defendant (the case against the other defendant having been disposed of), the issue being: was there a proper substitution or revivor?

The trial court did nothing more than to "appoint" an attorney "to represent the interest" of the deceased. Such action is not a compliance with Sections 2311.25, 2311.27 and 2311.31, Revised Code. Parenthetically, we note that the deceased had filed no answer before death but the cause was heard upon the answer of the other defendant who, at the time of hearing, was no longer a party before the court.

If, upon the death of a sole party, the action is prosecuted without any proper substitution or revivor, the subsequent proceedings are erroneous and the rendition of judgment therein constitutes error for which such judgment may be reversed. 1 Ohio Jurisprudence 2d 78, Abatement, Survival and Revival, Section 56, and cases there cited.

Consequently, there having been no proper substitution or revivor below, the judgment of the Court of Common Pleas of Hamilton County is reversed and this cause is remanded for further proceedings according to law.

*Judgment reversed.*

HILDEBRANT and HESS, JJ., concur.